# FRANK SCHMIDT v. OKLAHOMA CITY

No. A- 5131.    Opinion Filed April 16, 1927.
(255 Pac. 160.)

Morris & Tant, for plaintiff in error.

J. Frank Martin, Municipal Counselor, and R. E. Wood, Asst. Municipal Counselor, for defendant in error.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of selling milk without a permit and sentenced to pay a fine of $10.

This is a prosecution for the violation of a city ordinance; it originated in the municipal court of Oklahoma City, and from a conviction there defendant appealed to the county court.   The complaint charges that defendant did unlawfully, and contrary to the ordinances of the city, sell milk without a permit.

The defendant first contends that the ordinance, under which he was prosecuted, does not provide for any permit, but does require the payment of a license

fee, and that the complaint is insufficient. We take judicial knowledge of the city ordinances. Section 4 of Ordinance No. 1953, under which the prosecution was had, specifically provides for a permit to be issued by the city board of health as a condition of the sale of milk within the city.

It is next urged that the ordinance under which the defendant is prosecuted provides for a penalty of more than $20 and for imprisonment in the city jail, and that such ordinance does not provide for a trial by jury and is invalid, under the holding of this court in Ex parte Johnson, 13 Okla. Cr. 30, 161 P. 1097, and Ex parte Monroe, 13 Okla. Cr. 62, 162 P. 233, and other cases cited. Ordinance No. 1882, enacted by the city subsequent to the decision of this court in Ex parte Monroe, supra, amended all ordinances to provide for a fine not to exceed $19 in any case. The ordinance, under which the prosecution is had, is not invalid. The offenses defined by such ordinances are of the class or grade known as petty offenses, and a jury for the trial of such cases in the court of original jurisdiction is not required by the Constitution or laws.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.